1  LEONARDO M. RAPADAS
   United States Attorney
2  MARIVIC P. DAVID
   Assistant U.S. Attorney
3  Suite 500, Sirena Plaza.
   108 Hernan Cortez Ave.
4  Hagåtña, Guam 96910
   PHONE: 472-7332
5  FAX: 472-7334

6  Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

JUN 1 8 2008 R.D.

**JEANNE G. QUINATA**
**Clerk of Court**

7

8                IN THE UNITED STATES DISTRICT COURT

9                   FOR THE TERRITORY OF GUAM

10  UNITED STATES OF AMERICA,      ) MAGISTRATE CASE NO. **08-00016**
                                   )
11              Plaintiff,         )
                                   )
12        vs.                      )  **PETITION FOR WARRANT**
                                   )  **OF REMOVAL**
13  OSCAR L. NOBLEJAS,             )
                                   )
14              Defendant.         )
                                   )
15  _____)

16

17      Petitioner, United States Attorney for the District of Guam, respectfully shows this Court that:

18      1. On or about April 28, 1999, an Indictment was filed in the Eastern District of Virginia,

19  Alexandria Division, against the defendant OSCAR L. NOBLEJAS under Criminal Case No. 99-00165-

20  A. The defendant was charged with Conspiracy to Commit Mail Fraud and Wire Fraud in violation of

21  18 U.S.C. § 371 (Count 1); Mail Fraud in violation of 18 U.S.C. § 1341 (Counts 2-12); Wire Fraud in

22  violation of 18 U.S.C. § 1343 (Counts 13-15); Conspiracy to Commit Money Laundering in violation of

23  18 U.S.C. § 1956(h) (Count 16); and Money Laundering in violation of 18 U.S.C. § 1956 (Counts 17-

24  28). See Exhibit A.

25      2. On or about April 28, 1999, the U.S. District Court for the Eastern District of Virginia issued

26  a Warrant for Arrest of Defendant. See Exhibit B.

27      3. On or about June 18, 2008, the defendant was located and arrested in Guam by special agents

28  of the Federal Bureau of Investigation.

**ORIGINAL**

WHEREFORE, petitioner prays this Court to issue a writ of removal pursuant to Rule 5(c)of the Federal Rules of Criminal Procedure for said defendant from the District of Guam to the Eastern District of Virginia, Alexandria Division.

DATED this 18th day of June 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

2

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. *99-00165-A* |
| ) | |
| v. ) | |
| ) | |
| OSCAR L. NOBLEJAS a/k/a ) | Count 1: Conspiracy |
| Oscar D. H. Noblejas and ) | (18 U.S.C. § 371) |
| Oscar de Leon Noblejas ) | |
| (Counts 1-28) ) | Count 2-12: Mail Fraud |
| ) | (18 U.S.C. § 1341) |
| ALEX CABATU ESPINOSA a/k/a ) | |
| Allan Alviar Albano ) | Counts 13-15: Wire Fraud |
| (Counts 1-15) ) | (18 U.S.C. § 1343) |
| ) | |
| JESUS ANTONIO GUTIERREZ a/k/a ) | Count 16: Conspiracy to |
| Jesus Antonio Liopis Gutierrez, ) | Commit Money Laundering |
| Jesus Antonio Maria Gutierrez ) | (18 U.S.C. § 1956(h)) |
| and Jay Gutierrez ) | |
| (Counts 1-15) ) | Counts 17-28: Money |
| ) | Laundering |
| MARIO DAS ELAGO a/k/a Mario Elago ) | (18 U.S.C. § 1956) |
| (Counts 1-15) ) | |
| ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

APRIL 1999 TERM at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:



GOVERNMENT
EXHIBIT
14

## INTRODUCTION

At all times material herein:

     1.    "The International Law Center" had an office at 2841 Hartland Road, Suite 405, Falls Church, Virginia.

     2.    St. Mary Professional Service, Inc., doing business as (dba) St. Mary Rehabilitation Center, Inc.; St. Mary Medical and Physical Therapy; and Merrifield Medical and Physical Therapy, had a clinic at 2841 Hartland Road, Suite 207, Falls Church, Virginia.

## COUNT ONE
### (Conspiracy)

THE GRAND JURY FURTHER CHARGES THAT:

From in or about November 1993 through in or about January 1997, in the Eastern District of Virginia and elsewhere,

OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas
and Oscar de Leon Noblejas,

ALEX CABATU ESPINOSA, a/k/a Allan Alviar Albano,

JESUS ANTONIO GUTIERREZ, a/k/a Jesus Antonio Liopis Gutierrez,
Jesus Antonio Maria Gutierrez and Jay Gutierrez,

MARIO DAS ELAGO, a/k/a Mario Elago,

- 2 -

defendants herein, did knowingly and willfully combine, conspire, confederate and agree amongst themselves and with other persons both known and unknown to the Grand Jury to commit offenses against the United States of America, to wit:

(A)     to knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses and representations and in furtherance of the scheme and artifice to defraud used and caused to be used the United States mails in violation of Title 18, United States Code, Section 1341 (mail fraud);

(B)     To knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses and representations and in furtherance of the scheme and artifice to defraud used and caused to be used interstate wire communication facilities in violation of Title 18, United States Code, Section 1343 (wire fraud);

## MANNER AND MEANS

Among the manner and means by which the defendants and their co-conspirators would and did carry out this conspiracy were the following:

1.     It was a part of the conspiracy that the defendant and others did devise various means to obtain fraudulent insurance settlements from various automobile insurance companies.

- 3 -

2.      It was further a part of the conspiracy that a medical clinic and legal office were established in Virginia to conduct the fraudulent settlement scheme.

3.      It was further a part of the conspiracy that an attorney, medical doctors and office staffs were recruited in order to conduct the fraudulent settlement scheme.

4.      It was further a part of the conspiracy that individuals with automobile insurance policies were recruited to act as drivers in staged automobile accidents.

5.      It was further a part of the conspiracy that insured individuals that had actual automobile accidents were recruited to submit fraudulent, inflated personal injury claims in order to conduct the fraudulent settlement scheme.

6.      It was further a part of the conspiracy that individuals were recruited to act as passengers or drivers in automobile accidents intentionally caused by members of the scheme.

7.      It was further a part of the conspiracy that the individuals recruited were referred to the law office and medical clinic set up as part of the criminal enterprise.

- 4 -

8.     It was further a part of the conspiracy that individuals were recruited to falsely claim they were passengers in vehicles involved in automobile accidents staged or intentionally caused by members of the scheme.

9.     It was further a part of the conspiracy that the medical clinic was utilized to prepare attendance, treatment and other similar records for the recruited individual's non-existent injuries in order to file claims against insurance companies.

10.     It was further part of the conspiracy that law offices were established to submit claims to various insurance companies based upon staged accidents and medical records prepared by the criminal enterprise's medical clinic.

11.     It was further part of the conspiracy that the conspirators would often file claims, send correspondence and make telephone calls in the name of the attorney.

12.     It was further part of the conspiracy that the United States mails were used to submit fraudulent claims to various insurance companies and that interstate wire communication facilities were used to negotiate and facilitate such fraudulent claims.

- 5 -

13.     It was further part of the conspiracy that settlement checks were received at the law offices from various insurance companies made payable to the claimant and law office attorney.

14.     It was further part of the conspiracy that settlement checks from various insurance companies received as a result of the fraudulent claims were deposited into the accounts of the law office.

15.     It was further part of the conspiracy that checks were drawn on the accounts of the law office containing the proceeds of the fraudulent insurance claims. These checks included payments to members of the scheme, payments to facilitate and promote the scheme and the purchase of cashier's checks employed to disguise the nature location, source, ownership and control of the proceeds of the scheme.

16.     It was further part of the conspiracy that the defendants and others did utilize various means of interstate commerce to conduct the fraudulent settlement enterprise, including: the United States mails, interstate wire communications including interstate telephone calls.

## OVERT ACTS

- 6 -

In furtherance of the conspiracy and to effect the objects thereof, the following Overt Acts, among others, were committed in the Eastern District of Virginia and elsewhere:

1.     On or about November 29, 1993, Patrocinia Sugatan Layon, a/k/a Cindy Layon and Therese Layon, signed and caused the filing in Arlington, Virginia, of a certificate of trade name for St. Mary Professional Services, 308 Hillwood Avenue, Falls Church, Virginia.

2.     On or about January 6, 1994, Marlon M. Zialcita, a/k/a Marlon Dela Paz, signed a lease with the Larrymore Organization, Virginia Beach, Virginia, to rent office space at 6465 College Park Square, Suite 308, Virginia Beach, Virginia, for the purpose of opening an office in the name of "The International Law Center."

3.     On or about January 21, 1994,  Patrocinia Sugatan Layon, a/k/a Cindy Layon and Therese Layon, signed and caused the filing of Articles of Incorporation for St. Mary Professional Services, Inc., at the office of the State Corporation Commission for the Commonwealth of Virginia, Richmond, Virginia.

4.     On or about January 26, 1994, Marlon M. Zialcita, a/k/a Marlon Dela Paz, caused the filing of Articles of Incorporation for the International Law

- 7 -

Center with the State Corporation Commission for the Commonwealth of Virginia, Richmond, Virginia. Marlon M. Zialcita, a/k/a Marlon Dela Paz, was listed as the sole director and incorporator. OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas was listed as the registered agent.

5.      On or about January 26, 1994, Marlon M. Zialcita, a/k/a Marlon Dela Paz, dba M.Z. Management Corporation, signed a lease for office space at 2841 Hartland Road, Suite 405, Falls Church, Virginia, for the purpose of operating a law office in the name of "The International Law Center."

6.      On or about January 26, 1994, Patrocinia Sugatan Layon, a/k/a Cindy Layon and Therese Layon, dba St. Anthony Medical Clinic, executed a lease for office space at 2841 Hartland Road, Suite 205, Falls Church, Virginia, for the purpose of operating a clinic in the name of "St. Mary Rehabilitation Center."

7.      On or about March 2, 1994, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas stayed at a Holiday Inn in Chesapeake, Virginia.

8.      On or about March 3, 1994, Adlai Enrique Espiritu Vega, a/k/a Rick Vega, caused the filing of Articles of Incorporation of Medical Management Group, Inc., dba St. Patrick Medical Clinic; St. Patrick Physical Therapy; San

- 8 -

Lorenzo Radiology, 6477 College Park Square, Suite 218, Virginia Beach, Virginia, at the offices of the State Corporation Commission for the Commonwealth of Virginia, Richmond, Virginia.

9.      On or about March, 3, 1994, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas and Marlon M. Zialcita, a/k/a Marlon Dela Paz, caused the opening of a bank account and a safe deposit box in the name of The International Law Center, 6465 College Park Square, Suite 308, Virginia Beach, Virginia, at the Crestar Bank in Virginia Beach, Virginia.

10.     On or about March 3, 1994, Alfredo Castro Alvano, a/k/a Fred Alvano and Fred Albano, signed a residential lease for a condominium located at 2300 Pimmit Drive, 306W, Falls Church, Virginia.

11.     On or about March 18, 1994, Marlon M. Zialcita, a/k/a Marlon Dela Paz, signed a residential lease for 1021 Woodsman Reach, Chesapeake, Virginia.

12.     On or about March 18, 1994, ALEX CABATU ESPINOSA, a/k/a Allan Alviar Albano, planned and staged an automobile accident in Virginia Beach, Virginia in order to defraud Allstate Insurance Company in reference to claim number 2223133485.

13.     On or about March 22, 1994, ALEX CABATU ESPINOSA, a/k/a

- 9 -

Allan Alviar Albano, received $1,500.00 in connection with the scheme.

14. On or about March 29, 1994, ALEX CABATU ESPINOSA, a/k/a Allan Alviar Albano, received $1,000.00 in connection with the scheme.

15. On or about March 30, 1994, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas and Marlon M. Zialcita, a/k/a Marlon Dela Paz, caused to be opened bank accounts at Nations Bank, Falls Church, Virginia, in the name of "The International Law Center," 2841 Hartland Road, Suite 405, Falls Church, Virginia. The accounts listed OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas as President and Marlon M. Zialcita as Vice-President.

16. On or about March 31, 1994, Patrocinia Sugatan Layon, a/k/a Cindy Layon and Therese Layon, opened a bank account at Nations Bank, Falls Church, Virginia, in the name of St. Mary Professional Service, Inc., dba St. Mary Rehabilitation Center, Inc., 2841 Hartland Road, Suite 207, Falls Church, Virginia.

17. On or about April 15, 1994, Patrocinia Sugatan Layon, a/k/a Cindy Layon and Therese Layon, signed a residential lease for 7821 Freehollow Drive, Falls Church, Virginia.

- 10 -

18. On or about May 3, 1994, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas and JESUS ANTONIO GUTIERREZ, a/k/a Jesus Antonio Liopis Gutierrez, Jesus Antonio Maria Gutierrez, and Jay Gutierrez, caused a demand letter to be mailed to Allstate Insurance Company in reference to claim number 2223143369.

19. On or about June 3, 1994, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas caused to be mailed a demand letter from The International Law Center in reference to Allstate Insurance claim number 2223133485.

20. On or about June 12, 1994, ALEX CABATU ESPINOSÁ, a/k/a Allan Alviar Albano and MARIO DAS ELAGO, a/k/a Mario Elago, planned and staged an automobile accident in Northern Virginia in order to defraud Liberty Mutual Insurance Company in reference to claim number AL 307-091014-01.

21. On or about June 13, 1994, MARIO DAS ELAGO, a/k/a Mario Elago, and others began treatment at St. Mary's Rehabilitation Center for nonexistent injuries allegedly resulting from the automobile accident outlined in Overt Act 20.

22. On or about July 5, 1994, Alfredo C. Alvano cashed check number 118, drawn on The International Law Center, Nations Bank account, and paid

- 11 -

$1,250.00 to ALEX CABATU ESPINOSA, a/k/a Allan Alviar Albano, for referring the accident outlined in Overt Act 20 to The International Law Center.

23.    On or about July 8, 1994, ALEX CABATU ESPINOSA, a/k/a Allan Alviar Albano, planned and staged an automobile accident in order to defraud Allstate Insurance Company in reference to claim number 2223238383.

24.    On or about July 21, 1994, Alfredo C. Alvano cashed check number 122, drawn on The International Law Center, Nations Bank account and paid $1,200.00 to ALEX CABATU ESPINOSA, a/k/a Allan Alviar Albano, for referring the accident outlined in Overt Act 23 to The International Law Center.

25.    On or about July 27, 1994, Adlai Vega, a/k/a Rick Vega, created four medical reports on behalf of St. Mary's Medical and Physical Therapy to substantiate alleged injuries and knowing that these reports would be mailed to Liberty Mutual Insurance Company in reference to claim number AL 307-091014-01.

26.    On or about August 5, 1994, Alfredo Castro Alvano, a/k/a Fred Alvano and Fred Albano, Ramon Castro Alvano, a/k/a Ray Alvano, Dondo, and Jose Aniban Morales, III, a/k/a Rafaelito Aniban Morales, Jay Morales, and Troy, met at the offices of "The International Law Center," Falls Church, Virginia, in

- 12 -

connection with a staged automobile accident previously planned by ALEX CABATU ESPINOSA, a/k/a Allan Alviar Albano.

27.  On or about August 5, 1994, Jose Aniban Morales, III, a/k/a Jay Morales, and MARIO DAS ELAGO, a/k/a Mario Elago, and others were passengers in a Jeep Grand Cherokee intentionally driven into a tree for purposes of filing a fraudulent insurance claim.

28.  On or about August 8, 1994, Jose Aniban Morales, III, a/k/a Jay Morales, caused his wife to begin treatment at St. Mary's Rehabilitation Center, Falls Church, Virginia, for nonexistent injuries in connection with the staged automobile accident outlined in Overt Acts 26 and 27 for the purpose of filing a fraudulent insurance claim.

29.  On or about August 12, 1994, Ramon Castro Alvano, a/k/a Ray Alvano, Dondo, received from The International Law Center a check with the authorized signature of OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas for $1,500.00 as payment in connection with the staged automobile accident of August 5, 1994 outlined in Overt Acts 26 and 27.

30.  On or about August 16, 1994, Ramon Castro Alvano, a/k/a Ray Alvano, Dondo, received from The International Law Center a check with the authorized signature of OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and

- 13 -

Oscar de Leon Noblejas for $750.00 as payment in connection with the staged automobile accident of August 5, 1994 outlined in Overt Acts 26 and 27

31.     On or about August 17, 1994, MARIO DAS ELAGO, a/k/a Mario Elago, planned and staged an automobile accident in order to support a fraudulent insurance claim against GEICO Insurance Company in reference to claim number 0069399090101019.

32.     On or about August 18, 1994, Rosario Bes and others began treatment at St. Mary's Rehabilitation Center for injuries allegedly received in the automobile accident planned by MARIO DAS ELAGO, a/k/a Mario Elago, on August 17, 1994, to support a fraudulent insurance claim against GEICO Insurance Company in reference to claim number 0069399090101019.

33.     On or about August 25, 1994, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas mailed and caused to be mailed a demand letter from The International Law Center, enclosing medical reports and bills from the St. Mary's Rehabilitation Center to Liberty Mutual Insurance Company in reference to claim number AL 307-091014-01.

34.     On or about August 25, 1994, MARIO DAS ELAGO, a/k/a Mario Elago, was paid $1,200.00 from The International Law Center, Nations Bank account for referring the accident of August 17, 1994, outlined in Overt Act 31.

- 14 -

35.    On September 20, 1994, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas mailed and caused to be mailed a demand letter from The International Law Center in reference to Allstate claim number 2223238383.

36.    On or about October 5, 1994, MARIO DAS ELAGO, a/k/a Mario Elago, planned and staged an automobile accident in Oxen Hill, Maryland, in order to support a fraudulent insurance claim against GEICO in reference to claim number 0046262830101020.

37.    On October 7, 1994, a check was written on The International Law Center, Nations Bank account, payable to MARIO ELAGO, in the amount of $500.00 and signed by OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas.

38.    On October 10, 1994, Alfredo C. Alvano cashed check number 195, drawn on the account of The International Law Center, Nations Bank account and paid $1,200.00 to MARIO DAS ELAGO, a/k/a Mario Elago, for referring the accident of October 5, 1994, to The International Law Center in reference to GEICO claim number 0046262830101020.

39.    On or about October 12, 1994, Adlai Enrique Espiritu Vega, a/k/a Rick Vega, created three medical reports for the purpose of defrauding Motors

- 15 -

Insurance Corporation (MIC), Dallas, Texas, in connection with claim number PDP 26806 which resulted from the staged automobile accident outlined in Overt Acts 26 and 27.

40.     On or about November 2, 1994, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas and Alfredo Castro Alvano, a/k/a Fred Alvano and Fred Albano, caused to be mailed a demand letter from The International Law Center, Inc., Falls Church, Virginia, enclosing medical reports and bills to Motors Insurance Corporation, Dallas, Texas, in reference to claim number PDP 26806 which resulted from the staged automobile accident outlined in Overt Acts 26 and 27.

41.     On or about November 4, 1994, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas mailed and caused to be mailed a demand letter from The International Law Center, Inc., enclosing medical reports and bills from the St. Mary's Rehabilitation Center, to GEICO Insurance Company in reference to claim number 006939909-0101-019.

42.     On or about November 11, 1994, Adlai Vega, a/k/a Rick Vega, created three medical reports on behalf of St. Mary's Medical and Physical Therapy to substantiate alleged injuries and knowing that these reports would be

- 16 -

mailed to Government Employees Insurance Company (GEICO), in reference to claim number 0046262830101020.

43.     On or about November 21, 1994, Patrocinia Sugatan Layon, a/k/a Cindy Layon and Therese Layon, caused the filing in the Clerk's Office of the Circuit Court of Fairfax, Virginia, of a certificate stating St. Mary Professional Service, Inc., was conducting business under the name of St. Mary Medical and Physical Therapy, 2841 Hartland Road, Falls Church, Virginia.

44.     On or about November 21, 1994, a certificate was filed in the Clerk's Office of the Circuit Court of Fairfax, Virginia, on behalf of Cindy Layon as Administrator of St. Mary Professional Service, Inc., indicating that Layon was conducting business under the name of St. Mary Medical and Physical Therapy, 2841 Hartland Road, Falls Church, Virginia.

45.     On or about November 22, 1994, Alfredo C. Alvano made a telephone call from The International Law Center, Falls Church, Virginia, to the MIC Insurance Company, Dallas, Texas, in reference to claim number PDP 26806.

46.     On or about January 6, 1995, Alfredo C. Alvano caused a representative of MIC Insurance Company, Dallas, Texas, to make a telephone

- 17 -

call to Alvano at The International Law Center, Falls Church, Virginia, in reference to claim number PDP 26806.

47.     On or about January 10, 1995, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas mailed and caused to be mailed a demand letter from The International Law Center, enclosing medical reports and bills from St. Mary's Rehabilitation Center to Government Employees Insurance Company (GEICO) in reference to claim number 0046262830101020.

48.     On or about January 12, 1995, Mario Ernesto Lopez, a/k/a Mario Ernesto Lopez-Ascencio and Eduardo Sanchez, and Ricardo Eleazar Mendoza, a/k/a Victor Javier Moya and Victor Moya, recruited others to participate in and caused an automobile accident in Fairfax, Virginia, for the purpose of defrauding State Farm Insurance claim number 46-6715-296.

49.     On or about January 23, 1995, Mario Ernesto Lopez, a/k/a Mario Ernesto Lopez-Ascencio and Eduardo Sanchez, Ricardo Eleazar Mendoza, a/k/a Victor Javier Moya and Victor Moya, and Marvin Canales recruited others to participate in and caused an accident in Fairfax, Virginia, for the purpose of defrauding GEICO Insurance claim number 0019848570101031.

50.     On or about January 31, 1995,   Alfredo Castro Alvano, a/k/a Fred Alvano and Fred Albano, cashed check number 303, in the amount of $2,100.00,

- 18 -

drawn on the account of The International Law Center which was paid to Mario Emesto Lopez, a/k/a Mario Emesto Lopez-Ascencio and Eduardo Sanchez.

51.    On or about January 31, 1995, JESUS ANTONIO GUTIERREZ, a/k/a Jesus Antonio Liopis Gutierrez, Jesus Antonio Maria Gutierrez and Jay Gutierrez, placed a telephone call from The International Law Center, Falls Church, Virginia, to the Government Employees Insurance Company (GEICO) in reference to claim number 0019848570101031.

52.    On or about February 9, 1995,  Alfredo Castro Alvano, a/k/a Fred Alvano and Fred Albano, caused to be mailed to MIC, Dallas, Texas, three release forms witnessed by JESUS ANTONIO GUTIERREZ, a/k/a Jesus Antonio Liopis Gutierrez, Jesus Antonio Maria Gutierrez and Jay Gutierrez, in reference to claim number PDP 26806 which resulted from the staged automobile accident outlined in Overt Acts 26 and 27.

53.    On or about February 10, 1995, JESUS ANTONIO GUTIERREZ, a/k/a Jesus Antonio Liopis Gutierrez, Jesus Antonio Maria Gutierrez and Jay Gutierrez, placed a telephone call from The International Law Center, Falls Church, Virginia, to State Farm Insurance Company in reference to claim number 46-6715-296.

- 19 -

54. On or about February 27, 1995, Adlai Enrique Espiritu Vega, a/k/a Rick Vega, created three medical reports for the purpose of defrauding State Farm Insurance in connection with claim number 46-6715-296.

55. On or about March 20, 1995, Adlai Enrique Espiritu Vega, a/k/a Rick Vega, caused the creation of three medical reports on behalf of St. Mary Medical and Physical Therapy to falsely substantiate injuries to three individuals in reference to claim number 0019848570101031 against GEICO Insurance Company.

56. On or about March 23, 1995, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas and Alfredo Castro Alvano, a/k/a Fred Alvano and Fred Albano, caused to be mailed a demand letter from The International Law Center, Falls Church, Virginia, to State Farm Insurance in reference to claim number 46-6715-296.

57. On or about April 20, 1995, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas and Alfredo Castro Alvano, a/k/a Fred Alvano and Fred Albano, caused to be mailed a demand letter from The International Law Center, Falls Church, Virginia, to GEICO Insurance Company in reference to claim number 0019848570101031.

- 20 -

58. On or about June 21, 1995, Patrocinia Sugatan Layon, a/k/a Cindy Layon and Therese Layon, signed a residential lease for a condominium at 2311 Pimmit Drive, #1209E, Falls Church, Virginia.

59. On or about August 23, 1995, Marcelo Ang-Angco Cruz, a/k/a Mark Cruz, witnessed three release forms in connection with a claim to State Farm Insurance Company, claim number 46-6715-296.

60. On or about September 12, 1995, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas filed Articles of Incorporation for Noblejas & Associates, 2841 Hartland Road, Falls Church, Virginia, in the offices of the State Corporation Commission for the Commonwealth of Virginia.

61. On or about October 3, 1995, Patrocinia Sugatan Layon, a/k/a Cindy Layon and Therese Layon, dba St. Mary Professional Service, Inc., filed a certificate in the Clerk's Office of the Circuit Court of Fairfax, Virginia, in connection with Merrifield Medical and Physical Therapy, 2841 Hartland Road, Falls Church, Virginia.

62. On or about January 1, 1996, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas, Marlon M. Zialcita, a/k/a Marlon Dela Paz, and others met in Falls Church, Virginia for the purpose of transferring

- 21 -

the ownership of the law office located at 2841 Hartland Road, Falls Church, Virginia.

      63.      On or about March 20, 1996, Patrocinia Sugatan Layon, a/k/a Cindy Layon and Therese Layon, opened a corporate bank account at Nations Bank, Falls Church, Virginia, in the name of St. Mary's Professional Services, Inc., dba Merrifield Medical and Physical Therapy, 2841 Hartland Road, Falls Church, Virginia.

      On or about the dates listed below, the defendants caused the deposit of settlement checks from insurance companies which were deposited as part of the scheme:

| Overt Act | Date Deposited | Amount | Check Number | Bank and Account | Insurance Co. Claim No. |
|---|---|---|---|---|---|
| 64 | 8/15/94 | $10,500 | 78409642 | Nations Bank 10899971 | Allstate 2223133485 |
| 65 | 8/15/94 | $12,000 | 78409641 | Nations Bank 10899971 | Allstate 2223133485 |
| 66 | 8/15/94 | $10,500 | 78409643 | Nations Bank 10899971 | Allstate 2223133485 |
| 67 | 2/6/95 | $ 6,750 | 76335843 | Nations Bank 10899971 | Allstate 2223238383 |
| 68 | 2/6/95 | $ 7,750 | 76335844 | Nations Bank 10899971 | Allstate 2223238383 |
| 69 | 6/6/94 | $ 7,750 | 78187288 | Crestar | Allstate 2223143369 |

- 22 -

| Overt Act | Date Deposited | Amount | Check Number | Bank and Account | Insurance Co. Claim No. |
|---|---|---|---|---|---|
| 70 | 2/23/95 | $ 4,900 | Q109401489 | Nations Bank 10899971 | GEICO 0046262830101020 |
| 71 | 2/23/95 | $ 5,000 | Q109401490 | Nations Bank 10899971 | GEICO 0046262830101020 |
| 72 | 2/23/95 | $ 5,500 | Q109279272 | Nations Bank 10899971 | GEICO 0046262830101020 |
| 73 | 2/23/95 | $ 400 | Q109391096 | Nations Bank 10899971 | GEICO 0046262830101020 |
| 74 | 12/8/94 | $ 7,000 | Q109382408 | Nations Bank 10899971 | GEICO 0069399090101019 |
| 75 | 12/8/94 | $ 1,590.93 | Q109001458 | Nations Bank 10899971 | GEICO 0069399090101019 |
| 76 | 12/8/94 | $ 4,000 | Q109382407 | Nations Bank 10899971 | GEICO 0069399090101019 |
| 77 | 12/8/94 | $ 2,794.34 | Q109001459 | Nations Bank 10899971 | GEICO 0069399090101019 |
| 78 | 12/8/94 | $ 200 | Q109382405 | Nations Bank 10899971 | GEICO 0069399090101019 |
| 79 | 12/8/94 | $ 300 | Q109382406 | Nations Bank 10899971 | GEICO 0069399090101019 |
| 80 | 12/8/94 | $ 200 | Q109382404 | Nations Bank 10899971 | GEICO 0069399090101019 |
| 81 | 12/8/94 | $ 266.19 | Q109001182 | Nations Bank 10899971 | GEICO 0069399090101019 |
| 82 | 12/8/94 | $ 329.60 | Q109001457 | Nations Bank 10899971 | GEICO 0069399090101019 |
| 83 | 2/17/95 | $2,190.00 | 10065220 | Nations Bank 10899971 | Motors Ins. Corp. PDP 26806 |
| 84 | 2/17/95 | $4,937.50 | 10065221 | Nations Bank 10899971 | Motors Ins. Corp. PDP 26806 |

- 23 -

| Overt Act | Date Deposited | Amount | Check Number | Bank and Account | Insurance Co. Claim No. |
|---|---|---|---|---|---|
| 85 | 2/17/95 | $1,725.00 | 10065222 | Nations Bank 10899971 | Motors Ins. Corp. PDP 26806 |
| 86 | 2/17/95 | $1,980.00 | 10065219 | Nations Bank 10899971 | Motors Ins. Corp. PDP 26806 |
| 87 | 3/14/95 | $5,410.00 | 10067950 | Nations Bank 10899971 | Motors Ins. Corp. PDP 26806 |
| 88 | 2/22/95 | $6,055.00 | 10065680 | Nations Bank 10899971 | Motors Ins. Corp. PDP 26806 |
| 89 | 8/14/95 | $2,300.00 | 107189952J | Nations Bank 108999971 | State Farm 46-6715-296 |
| 90 | 3/15/95 | $754.28 | 107556228J | Nations Bank 11829842 | State Farm 46-6715-296 |
| 91 | 8/14/95 | $3,700.00 | 107189949J | Nations Bank 10899971 | State Farm 46-6715-296 |
| 92 | 8/14/95 | $4,000.00 | 107189953J | Nations Bank 10899971 | State Farm 46-6715-296 |
| 93 | 6/12/95 | $2,800.00 | Q109449365 | Nations Bank 10899971 | GEICO 2223512/0102096 |
| 94 | 6/12/95 | $3,000.00 | Q109449366 | Nations Bank 10899971 | GEICO 2223512/0102096 |
| 95 | 6/15/95 | $3,100.00 | Q109449367 | Nations Bank 10899971 | GEICO 2223512/0102096 |
| 96 | 7/13/95 | $4,000.00 | Q109468249 | Nations Bank 10899971 | GEICO 1473500/0101050 |
| 97 | 7/13/95 | $4,650.00 | Q109468250 | Nations Bank 10899971 | GEICO 1473500/0101050 |
| 98 | 7/13/95 | $6,500.00 | Q109468251 | Nations Bank 10899971 | GEICO 1473500/0101050 |

- 24 -

| Overt Act | Date Deposited | Amount | Check Number | Bank and Account | Insurance Co. Claim No. |
|---|---|---|---|---|---|
| 99 | 4/25/95 | $1,000.00 | Q153529428 | First Union Nat. Bank of Florida (CASHED) | GEICO 1446981/0101056 |
| 100 | 7/24/95 | $3,625.00 | Q109477037 | Nations Bank 10899971 | GEICO 1446981/0101056 |
| 101 | 7/24/95 | $5,500.00 | Q109477038 | Nations Bank 10899971 | GEICO 1446981/0101056 |
| 102 | 7/26/95 | $5,750.00 | Q109477039 | Nations Bank 10899971 | GEICO 1446981/0101056 |
| 103 | 7/13/95 | $5,500.00 | Q109467905 | Nations Bank 10899971 | GEICO 0019848570101031 |
| 104 | 7/13/95 | $5,700.00 | Q109467906 | Nations Bank 10899971 | GEICO 0019848570101031 |
| 105 | 7/13/95 | $6,000.00 | Q109467907 | Nations Bank 10899971 | GEICO 0019848570101031 |

(In violation of Title 18, United States Code, Section 371.)

- 25 -

## COUNTS TWO THROUGH TWELVE

THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs 1-16 of the Manner and Means of Count One are
hereby realleged and incorporated by reference as though set forth in full herein,
as constituting and describing defendants' scheme and artifice to defraud and to
obtain money by means of false and fraudulent pretenses and representations.

2.     Beginning in or about November, 1993, through in or about
January, 1997, in the Eastern District of Virginia and elsewhere, OSCAR L.
NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas, ALEX
CABATU ESPINOSA, a/k/a Allan Alviar Albano, JESUS ANTONIO
GUTIERREZ, a/k/a Jesus Antonio Liopis Gutierrez, Jesus Antonio Maria
Gutierrez and Jay Gutierrez, MARIO DAS ELAGO, a/k/a Mario Elago,
defendants herein, knowingly devised and intended to devise a scheme and
artifice to defraud insurance companies and obtain money of insurance companies
by means of false and fraudulent representations and pretenses.

3.     On or about the dates listed below, in the Eastern District of
Virginia, for the purpose of executing the aforementioned scheme and artifice to
defraud, and attempting so to do, the defendants did knowingly place and
willfully caused to be placed in post offices and authorized depositories for mail

- 26 -

matter, to be sent and delivered by the Postal Service and any private or

commercial interstate carrier the items described below:

| Count | Date | Item | Defrauded Insurance Co. |
|-------|------|------|-------------------------|
| 2 | 5/3/94 | Demand Letter to Allstate Insurance on claim number 2223143369 | Allstate Insurance Company |
| 3 | 6/3/94 | Demand Letter to Allstate Insurance on claim number 2223133485 | Allstate Insurance Company |
| 4 | 8/25/94 | Demand Letter to Liberty Mutual Insurance on claim number AL 307-091014-01 | Liberty Mutual Insurance |
| 5 | 9/20/94 | Demand Letter to Allstate Insurance on claim number 2223238383 | Allstate Insurance Company |
| 6 | 11/2/94 | Demand Letter to MIC on claim number PDP 26806 | Motors Insurance Corporation (MIC) |
| 7 | 11/4/94 | Demand Letter to GEICO Insurance on claim number 006939909-0101019 | GEICO Insurance Company |
| 8 | 1/10/95 | Demand Letter to GEICO Insurance on claim number 0046262830101020 | GEICO Insurance Company |
| 9 | 1/17/95 | Letter and application for benefits and declaration of non-insurance to MIC on claim number PDP 26806 | Motors Insurance Corporation (MIC) |
| 10 | 3/23/95 | Demand letter to State Farm Insurance on claim number 46-6715-296 | State Farm Insurance |
| 11 | 4/20/95 | Demand Letter to GEICO on claim number 0019848570101031 | Government Employees Insurance Company (GEICO) |
| 12 | 7/25/95 | Demand Letter to State Farm Insurance Company on claim number 46-6715-296 | State Farm Insurance Company |

(All in violation of Title 18, United States Code, Section 1341 and 2.)

- 27 -

## COUNTS THIRTEEN THROUGH FIFTEEN

THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs 1-16 of the Manner and Means of Count One are hereby realleged and incorporated by reference as though set forth in full herein, as constituting and describing defendants' scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses and representations.

2.     Beginning in or about November 1993, through in or about January, 1997, in the Eastern District of Virginia, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas, ALEX CABATU ESPINOSA, a/k/a Allan Alviar Albano, JESUS ANTONIO GUTIERREZ, a/k/a Jesus Antonio Liopis Gutierrez, Jesus Antonio Maria Gutierrez and Jay Gutierrez, MARIO DAS ELAGO, a/k/a Mario Elago, defendants herein, knowingly devised and intended to devise a scheme and artifice to defraud insurance companies and obtain money of insurance companies by means of false and fraudulent representations and pretenses.

3.     On or about the dates listed below, in the Eastern District of Virginia, for the purpose of executing the aforementioned scheme and artifice to defraud, the defendants did knowingly transmit and willfully caused to be

- 28 -

transmitted by means of wire communication in interstate commerce certain

telephone calls as set forth below:

| Count | Date | Telephone Call | Defrauded Insurance Company |
|-------|------|----------------|------------------------------|
| 13 | 11/22/94 | Telephone call by Alfredo Castro Alvano, a/k/a Fred Alvano and Fred Albano, from "The International Law Center," Falls Church, Virginia, to MIC, Dallas, Texas, in reference to claim number PDP 26806 | MIC |
| 14 | 1/6/95 | Telephone call by a representative of MIC, Dallas, Texas, to "The International Law Center," Falls Church, Virginia, in reference to claim number PDP 26806 | MIC |
| 15 | 2/2/95 | Telephone call by Alfredo Castro Alvano, a/k/a Fred Alvano and Fred Albano, from "The International Law Center," Falls Church, Virginia, to MIC, Dallas, Texas, in reference to claim number PDP 26806 | MIC |

(All in violation to Title 18, United States Code, Sections 1343 and 2.)

- 29 -

## COUNT SIXTEEN

THE GRAND JURY FURTHER CHARGES THAT:

From in or about November 1993, through in or about January 1997, in the Eastern District of Virginia and elsewhere, OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas, the defendant herein, did knowingly, willfully and unlawfully, conspire, combine, confederate and agree with other persons known and unknown to the grand jury, to commit the following offenses against the United States:

Money Laundering in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and (a)(1)(B)(i), by knowingly, willfully, and unlawfully conducting and attempting to conduct financial transactions which affected interstate commerce and which involved the proceeds of a specified unlawful activity, knowing the funds involved represented proceeds of some form of unlawful activity: (1) with the intent to promote the carrying on of specified unlawful activity; and (2) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of proceeds of specified unlawful activity.

## MANNER AND MEANS

- 30 -

1.      The Grand Jury realleges and incorporates by reference the Manner and Means section of Count One of this Indictment.

2.      It was further part of the said conspiracy to violate Section 1956 that the funds involved in the financial transaction represented the proceeds of specified unlawful activity, to wit: mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343), as described in the pertinent portions of the Manner and Means section of Count One of this Indictment.

## OVERT ACTS

The Grand Jury realleges and incorporates by reference the Overt Acts section of Count One of this Indictment as set forth in full herein.

(In violation of Title 18, United States Code, Section 1956(h).)

- 31 -

Case 1:08-mj-00016   Document 1   Filed 06/18/2008   Page 33 of 38

## COUNTS SEVENTEEN THROUGH TWENTY-EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

On or about the dates set forth below in the Eastern District of Virginia,

OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas,

the defendant herein, knowing that the property involved in the financial

transactions set forth below represented the proceeds of some form of unlawful

activity, did knowingly, willfully and unlawfully conduct and attempt to conduct

financial transactions as set forth below, which affected interstate commerce and

which in fact involved the proceeds of specified unlawful activity, to wit: mail

fraud (in violation of Title 18, United States Code, Section 1341) knowing the

transactions were designed in whole and in part to conceal and disguise the nature,

location, source, ownership and control of the proceeds of the specified unlawful

activity and with the intent to promote the carrying on of the specified unlawful

activity:

| Count | Date | Transaction | Amount |
|-------|------|-------------|--------|
| 17 | 11/15/94 | Check number 214 from "The International Law Center" - Nations Bank account number 1089-9968 deposited Wells Fargo Bank, CA, into account number 0740-412929 | $1,000.00 |
| 18 | 12/15/94 | Check number 233 from "The International Law Center" - Nations Bank account number 1089-9968 deposited Wells Fargo Bank, CA, into account number 0740-412929 | $1,000.00 |

- 32 -

| Count | Date | Transaction | Amount |
|-------|------|-------------|--------|
| 19 | 2/23/95 | Cashier's check number 6478225 payee Aida Santos deposited into Great Western Bank, CA, account number 055-393290-4 | $7,000.00 |
| 20 | 4/4/95 | Cashier's check number 6478371 payee Aida Santos deposited into Great Western Bank, CA, account number 055-393290-4 | $5,000.00 |
| 21 | 4/29/95 | Cashier's check number 6478476 payee Aida Santos deposited into Great Western Bank, CA, account number 055-8183081 | $7,500.00 |
| 22 | 4/29/95 | Cashier's check number 6478477 payee Aida Santos deposited into Great Western Bank, CA, account number 055-393290-4 | $7,500.00 |
| 23 | 5/5/95 | Cashier's check number 6478518 payee Aida Santos deposited into Great Western Bank, CA, account number 055-393290-4 | $5,000.00 |
| 24 | 12/20/95 | Cashier's check number 6737881 payee Aida Santos deposited into Bank of America, CA, account number 03050-33673 | $1,000.00 |
| 25 | 1/13/96 | Cashier's check number 6737938 payee Aida Santos re: Marlon Zialcita deposited into Great Western Bank, CA, account number 055-393290-4 | $7,000.00 |
| 26 | 3/1/96 | Cashier's check number 6827692 payee Aida Santos re: Marlon Zialcita deposited into Great Western Bank, CA, account number 055-318308-1 | $5,000.00 |
| 27 | 8/1/96 | Cashier's check number 6906321 payee Aida Santos deposited into Bank of America, CA, account number 03050-33673 | $5,000.00 |
| 28 | 8/1/96 | Cashier's check number 6906331 payee Aida Santos deposited into Bank of America, CA, account number 03050-33673 | $5,000.00 |

(All in violation of Title 18, United States Code, Section 1956 and 2.)

- 33 -

## FORFEITURE COUNT

THE GRAND JURY FURTHER CHARGES THAT:

Defendant OSCAR L. NOBLEJAS, a/k/a Oscar D. H. Noblejas and Oscar de Leon Noblejas, if convicted of any of the violations charged in Counts 16-28 shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property. This property includes, but is not limited to, the following:

| If Convicted of Count Number: | Defendant Shall Forfeit: |
|---|---|
| 17 | $1,000 in United States Currency |
| 18 | $1,000 in United States Currency |
| 19 | $7,000 in United States Currency |
| 20 | $5,000 in United States Currency |
| 21 | $7,500 in United States Currency |
| 22 | $7,500 in United States Currency |
| 23 | $5,000 in United States Currency |
| 24 | $1,000 in United States Currency |
| 25 | $7,000 in United States Currency |
| 26 | $5,000 in United States Currency |
| 27 | $5,000 in United States Currency |
| 28 | $5,000 in United States Currency |

(All in violation of Title 18, United States Code, Section 982.)

- 34 -

A TRUE BILL

_____
**F O R E P E R S O N**
UNITED STATES GRAND JURY

*Helen F. Fahey*
Helen F. Fahey
United States Attorney

*by* *Justin W. Williams*
Justin W. Williams
Assistant United States Attorney
Chief, Criminal Division

*Robert W. Wiechering*
Robert W. Wiechering
Assistant United States Attorney
Eastern District of Virginia

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY_____
DEPUTY CLERK

- 35 -

# United States District Court
## EASTERN DISTRICT OF VIRGINIA



**UNITED STATES OF AMERICA**

v.

Oscar L. Noblejas
Unknown: Phillipines
DOB: 04/19/43 SS#: 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

WARRANT FOR ARREST

CASE NUMBER: CR-1:99-00165-A

NOTICE: BEFORE ARREST, VALIDATE
THROUGH NCIC. ORIGINAL
HELD BY U.S. MARSHAL.

**To:** The United States Marshal and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest Oscar L. Noblejas and bring him or her forthwith to the
nearest magistrate judge to answer a(n)

X Indictment__Information__Complaint__Order of Court__Violation Notice__Probation Violation
Petition

charging him or her with (brief description of offense):

Violation of: See attached Indictment made a part thereof

In Violation of Title **18** United States Code, Section(s) **371; 1341; 1343; & 1956**

**Donetta J. Perkins**
Name of Issuing Officer

**Deputy Clerk**
Title of Issuing Officer

*[signature]*
Signature of Issuing Officer

**April 28, 1999**
**401 Courthouse Square Alexandria, VA 22314**
Date and Location

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK Jr.

Bail fixed at $**No bond recommendation**

by The Honorable _____ Jr.

| Date Received | Name and Title of Arresting Officer | Signature of Arresting Officer |
|---|---|---|
| Date of Arrest | | |

GOVERNMENT
EXHIBIT
B